THIS OPINION
 HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 The State, Respondent,
 
 
 
 
 

v.

 
 
 
 
 Michael Barney
 Dunham, Appellant.
 
 
 
 
 

Appeal From Charleston County
Larry R. Patterson, Circuit Court Judge

Unpublished Opinion No.  2010-UP-191
 Submitted March 1, 2010  Filed March 4,
2010

AFFIRMED

 
 
 
 Joshua Snow Kendrick, of Columbia, for
 Appellant.
 Attorney General Henry Dargan McMaster, Chief
 Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General
 Donald J. Zelenka, and Assistant Attorney General J. Anthony Mabry, all of
 Columbia; and Solicitor Scarlett A. Wilson, of Charleston, for Respondent.
 
 
 

PER CURIAM:  Michael
 Barney Dunham appeals his conviction for murder, arguing the trial court erred
 in admitting witness testimony regarding a photographic lineup and the
 witness's subsequent in-court identification of him as the shooter.  We affirm.
"The United States
 Supreme Court has developed a two-prong inquiry to determine the admissibility
 of an out-of-court identification."  State v. Turner, 373 S.C. 121,
 127, 644 S.E.2d 693, 696 (2007) (citing Neil v. Biggers, 409 U.S. 188 (1972)). 
 First, a court must ascertain whether the identification process was unduly
 suggestive.  Id.  Second, even if an identification procedure is
 suggestive, it need not be excluded so long as, under all the circumstances,
 the identification was reliable notwithstanding the suggestiveness.  Id. 
 Here, no evidence in the record suggests the photographic lineup was
 suggestive.  Because the first prong of the Biggers analysis is not
 satisfied in this case, we do not proceed to the second prong to consider the
 reliability of the identification.  Accordingly, the trial court correctly
 admitted witness testimony regarding the photographic lineup and the witness's
 subsequent in-court identification of Dunham as the shooter.   

AFFIRMED.[1]
HUFF, THOMAS,
 and KONDUROS, JJ., concur.  

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.